NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVER RONALDO CANALES-CARDONA, | No. 21-70291 |
| Petitioner, | Agency No. A206-237-932 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2024
Pasadena, California

Before: SILER,** BEA, and IKUTA, Circuit Judges.

Petitioner Ever Ronaldo Canales-Cardona, a native of Guatemala, entered the

United States illegally, was removed, reentered the country, and was again

apprehended in 2019. At his original removal proceedings, he unsuccessfully

applied for withholding of removal under the Convention Against Torture ("CAT")

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and the Immigration and Nationality Act ("INA") based on the death of his sister and disappearance of his brother. He raises the same arguments now, with the additional allegation that his siblings died at the hands of drug cartels who are targeting him and his family. Because Petitioner failed to provide corroborating evidence for his claims to the Immigration Judge ("IJ"), failed to put forward a cognizable particular social group ("PSG") to the IJ, and failed to show that Guatemalan authorities acquiesced to his alleged treatment by drug cartels, we deny the petition for review.

When, as here, we review a Board of Immigration Appeals ("BIA") decision affirming the IJ, we examine both decisions under a substantial evidence standard. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

1. The REAL ID Act allows an IJ to require additional corroborative evidence even in the presence of credible testimony. *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). First, the IJ must determine "whether [Petitioner's] credible testimony alone meets the . . . burden of proof." *Id*. at 1093. Second, if the testimony by itself is insufficient, the IJ may require corroborative evidence. *Id*. And finally, the IJ must give Petitioner "notice of the corroboration that is required and an opportunity either to produce the requisite corroborative evidence or to explain why that evidence is not reasonably available." *Id*.

Petitioner claims that the IJ violated his due process rights because he

performed these steps in the wrong sequence. He claims that the IJ notified him at the outset that reasonably available corroborative evidence would be required, heard Petitioner's testimony, and afterwards denied the application for lack of corroboration.

But this misinterprets the Act and the record. The Act requires the IJ to give Petitioner "an opportunity either to produce [the evidence] or to explain why [it] is not reasonably available." *Id.* at 1093. Here, the IJ did exactly that. At the conclusion of Petitioner's testimony, which the IJ found credible, the IJ determined that more evidence was needed. Petitioner claimed that he could not obtain the suggested evidence because his family feared cartel reprisals and because of the logistical difficulties associated with obtaining statements from individuals still in Guatemala. This satisfies the law's requirements that Petitioner be given an opportunity to "explain why [the] evidence is not reasonably available." *Id.* In short, Petitioner was given the opportunity to provide corroborative evidence, and stated that he was unable to do so. Moreover, even if the IJ had failed to follow the sequence set forth in *Ren*, Petitioner is not entitled to asylum because he failed to carry his burden of showing persecution on account of a protected ground, for the reasons explained below.

2.    Petitioner also argues that he is entitled to withholding of removal under the INA because he will be harmed in Guatemala on account of his membership in a

particular social group. On appeal to the BIA, and again here, he argues that multiple PSGs apply to him, including his membership in the Canales-Cardona family and a group of "male Guatemalans known to have lived in rival criminal organization group's territory." The BIA rejected that argument, however, finding that the family PSG was never presented to the IJ and therefore forfeited on appeal, and that the other PSGs were foreclosed by existing case law.

The PSG explicitly raised before the IJ was "a male immigrant from Guatemala, between the ages of 20-40, who has not lived in Guatemala for over nine years."[1] While he discussed cases dealing with family connections and invoked the harm suffered by his family at the hands of criminal gangs in Guatemala, he did not raise a PSG of "membership in the Canales-Cardona family" or invoke his failure to join a cartel. The BIA's decision on this point was correct.

3. To prevail on his CAT claim, Petitioner bears the burden of showing that "it is more likely than not" that he will be tortured if removed to Guatemala. 8 C.F.R. § 1208.16(c)(2). Regulations define "torture" as the infliction of "severe pain or suffering, whether physical or mental . . . inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official [or other person] acting in an official capacity[.]" 8 C.F.R. § 1208.18(a)(1). Torture can be inflicted for a number of

---

[1] Notably, Petitioner no longer fits within the PSG because he is now 43 years old.

reasons, including to punish, intimidate, discriminate, or extract information. *Id*. And finally, for a public official to acquiesce in the torture of another, that official must "have awareness of such activity" before it occurs and "thereafter breach his or her legal responsibility to intervene to prevent such activity." *Id*. §1208.18(a)(7).

Petitioner's only evidence of acquiescence is his testimony that when his mother reported his brother's kidnapping to the police, they suggested that she should keep quiet about it or leave the country. His only evidence of torture is the death of his sister, allegedly at the hands of a cartel-affiliated lawyer, and the disappearance of his brother, now presumed dead. And he claims that the cartel threatened to kill him multiple times. However, other evidence adduced at the hearing cut against his CAT claim, such as the fact that he lived without incident in Guatemala for three months before coming back to the United States a second time. While it is true that Guatemala struggles to suppress pervasive and violent cartel activity, and that rampant corruption further undermines that effort, the agency did not err in concluding that Petitioner failed to show a likelihood of future torture. Therefore, substantial evidence supported the agency's decision that there was no evidence that Petitioner would be harmed, let alone be harmed by the government.

The petition for review is DENIED.